Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DRIVEN P.S.C., EN SU CARÁCTER DE SÍNDICO DE NODUS INTERNATIONAL BANK, INC.<br><br>Recurrida<br><br>v.<br><br>FIDALGO SERVICES USA, INC., ÁNGEL FIDALGO DE LA VEGA, JOSÉ ÁNGEL FIDALGO ARIAS Y OTROS<br><br>Peticionarios | TA2026CE00357 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2025CV02117<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de abril de 2026.

El 20 de marzo del año en curso, Ángel Fidalgo De la Vega, José Ángel Fidalgo Arias y José María Fidalgo De la Vega (conjuntamente los peticionarios) acudieron ante este Tribunal de Apelaciones mediante *Solicitud de Certiorari*. En esta, nos solicitan la revocación de la *Orden* dictada y notificada el 6 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Allí, el foro primario declaró No Ha Lugar la *Moción Urgente para Dejar Sin Efecto Anotación de Rebeldía, Solicitar Término para Contestar Demanda y Solicitud de Litigar en Estado de Indigencia para Asignación de Abogado/a de Oficio* que estos presentaron en la causa de epígrafe.

Evaluado el legajo apelativo, de conformidad con la normativa que más adelante citamos, resolvemos **denegar** la expedición del auto de *certiorari*.

-I-

El 17 de marzo de 2025, Driven, PSC, en su carácter de síndico de Nodus International Bank, Inc. (parte recurrida) instó *Demanda* en cobro de dinero y ejecución de prenda contra Fidalgo Services USA, Inc., y los peticionarios.[1] Ese mismo día, también sometió una *Solicitud de Orden de Emplazamiento por Edicto* en la que informó que las partes demandadas no residían, ni tenían oficinas en Puerto Rico por lo que solicitó que se emitiera y notificara Orden y Emplazamiento por Edicto conforme la Regla 4.6 de Procedimiento Civil, *infra*. El día 20 del mismo mes y año, el TPI autorizó el emplazamiento de éstos por edicto.

Así las cosas, el 28 de septiembre de 2025, los individuos demandados sometieron en el caso una *Moción para Anunciar Representación Legal*.[2] Habiéndose concedido el plazo solicitado, y con la intención de evaluar la posibilidad de un acuerdo transaccional, el 28 de octubre de 2025, éstos peticionaron un plazo adicional.[3] La misma petición fue sometida nuevamente el 17 de noviembre de 2025, y concedida al día siguiente.[4]

Posteriormente, el 8 de diciembre de 2025, la representación legal de los peticionarios sometió una *Moción de Renuncia de Representación Legal* en la que informó advenir en conocimiento de un conflicto de interés que le impedía continuar representándoles. A tales efectos, peticionó al tribunal que adviniera en conocimiento de lo informado, le relevara de la representación de los peticionarios y les concediera 30 días para contratar y comparecer mediante nueva representación legal.[5] Ese mismo día, el TPI concedió el plazo solicitado para que los peticionarios comparecieran con representación legal y presentaran su alegación responsiva, so pena de sanciones.[6]

---

[1] Véase, SUMAC TPI, Entrada Núm. 1.
[2] *Íd.,* Entrada Núm. 11.
[3] *Íd.,* Entrada Núm. 13.
[4] *Íd*, Entradas Núm. 15 y 16.
[5] *Íd.,* Entrada Núm. 17.
[6] *Íd.,* Enttrada Núm. 18.

El 9 de enero del año en curso, la parte recurrida solicitó al TPI que les anotara la rebeldía a los peticionarios pues estos no habían comparecido dentro del plazo concedido. En esta misma fecha, el foro primario dictó *Orden* en la que le impuso a cada uno de los peticionarios una sanción de $50.00 por incumplir con su previa orden. También, les concedió un plazo final de 10 días para cumplirlas, so pena de anotarles la rebeldía. Vencidos los términos concedidos por el tribunal sin que los peticionarios dieran cumplimiento con lo ordenado, el 21 de enero de 2026, la parte recurrida solicitó al foro primario que les anotara la rebeldía.[7] En atención a dicho escrito, al día siguiente el foro primario notificó *Orden* mediante la cual así hizo.

El 5 de febrero de 2026, los peticionarios acudieron por derecho propio ante el tribunal e instaron *Moción Urgente para Dejar Sin Efecto Anotación de Rebeldía, Solicitar Término para Contestar Demanda y Solicitud de Litigar en Estado de Indigencia para Asignación de Abogado/a de Oficio*. Junto a este escrito, cada uno de ellos sometió el correspondiente formulario de *Solicitud para Declaración de Indigencia*. La parte recurrida, por su parte, el 6 de febrero de 2026, se opuso a este escrito.[8] Atendidos ambos escritos, el TPI emitió el dictamen recurrido. En descuerdo con este, los peticionarios solicitaron al foro primario que reconsiderara su determinación. Tal petición fue declarada No Ha Lugar mediante *Resolución* del 24 de febrero de 2026, notificada el 25. [9]

Inconforme aún, los peticionarios sometieron el recurso de epígrafe y señalaron la comisión de los siguientes tres (3) errores:

**Primer error**:
Erró el Tribunal de Primera Instancia al denegar la reconsideración y mantener la anotación de rebeldía, aun cuando las circunstancias del caso favorecían una adjudicación en los méritos.

---

[7] *Íd.*, Entrada Núm. 24.
[8] *Íd.*, Entradas Núm. 29 y 30.
[9] *Íd.*, Entradas Núm. 33 y 34.

**Segundo error**: Erró el Tribunal de Primera Instancia al mantener la rebeldía sin ponderar adecuadamente el perjuicio sustancial que ello ocasiona a las partes peticionarias en un caso de cobro de dinero con exposición patrimonial significativa.

**Tercer error**: Erró el Tribunal de Primera Instancia al no conceder a las partes peticionarias una oportunidad razonable para presentar su defensa, pese a su comparecencia posterior por derecho propio y su solicitud expresa de término para contestar la demanda.

En la misma fecha en que presentaron el recurso de autos, los peticionarios sometieron *Moción en Auxilio de Jurisdicción y Solicitud de Suspensión de los Procedimientos*. El 24 de marzo de 2026, emitimos *Resolución* en la que le ordenamos a la parte recurrida a someter su posición dentro del plazo reglamentario para ello. A su vez, declaramos no ha lugar la solicitud de auxilio y paralización de los procedimientos. El 1 de abril de este año, la parte recurrida presentó *Oposición a la Expedición de Certiorari y/o Alegato en Oposición*. Con el beneficio de este escrito, damos por sometido el recurso y procedemos a atenderlo, no sin antes exponer la normativa vigente aplicable a la controversia.

-II-

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la

potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[10] Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

*B.*

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V R. 45.1, establece que cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, y así sea demostrado, el Secretario o Secretaria, anotará su rebeldía. *Mitsubishi Motor. v. Lunor y otros*, 212 DPR 807,823 (2023). Específicamente, la discutida regla lee como transcribimos:

> Regla 45.1. Anotación
>
> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

---

[10] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re. Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025).

Una vez se declara la rebeldía, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra el rebelde. También se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros*, *supra*, pág. 824 al mencionar a *Rivera Figueroa v. Joe's European Shop*, 186 DPR 580, 590 (2011) y otros.

Ahora, la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V R 45.3, autoriza a los tribunales a dejar sin efecto una anotación de rebeldía por causa justificada. A su vez, la mencionada regla permite que una sentencia dictada en rebeldía se deje sin efecto de acuerdo con la Regla 49.2 de Procedimiento Civil. Si bien es cierto que la facultad de los tribunales para dejar sin efecto una anotación de rebeldía se enmarca en la existencia de justa causa, esta regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop*, *supra* a la págs. 591-592.

-III-

De entrada, toda vez que la controversia ante nos gira en torno a una decisión interlocutoria relativa a la anotación de rebeldía y denegatoria de su levantamiento, es menester mencionar que, de conformidad con la Regla 52.1 de Procedimiento Civil, *supra*, estamos ante una de las instancias en las que, por vía de excepción, podemos expedir el auto del *certiorari*. Por lo tanto, estamos facultados para entender en el asunto. No obstante, a la luz del derecho aplicable y evaluado el recurso al crisol de los criterios dispuestos en la Regla 40 de nuestro Reglamento, *supra,* según adelantamos, resolvemos no expedir el auto solicitado.

En el presente caso, mediante la discusión conjunta de los tres (3) errores que señalan, los peticionarios plantean que la negativa del foro primario a dejar sin efecto la rebeldía que les fue anotada debe ser revisada pues, "produce un resultado excesivamente severo y contrario al interés de

que los casos se atiendan en sus méritos.". Aunque admiten que el expediente judicial refleja dilaciones procesales e incumplimientos de su parte, aseveran que de igual forma demuestra su comparecencia previa mediante abogado y el relevo de la representación legal por conflicto de interés. También, exponen que el sostener la rebeldía, les deja expuestos a la continuación del caso sin una defensa plena y el consecuente riesgo de una adjudicación adversa en su contra y la posterior ejecución de esta. Así, reclaman que nuestra intervención es necesaria para evitar un resultado injusto y desproporcionado.

La parte recurrida, por su parte, primeramente, afirma que el escrito de los peticionarios parece haber sido preparado con ayuda de la inteligencia artificial. Luego de ello, expone que la rebeldía anotada a éstos respondió a su consistente patrón de incumplimiento con las órdenes del tribunal. Basándose en ello, afirman que la rebeldía anotada en el caso de epígrafe fue correcta, pues los peticionarios tuvieron amplia oportunidad de comparecer y someter su alegación responsiva sin así haberlo hecho. De igual forma, niega que la decisión recurrida haya mediado abuso de discreción, parcialidad o error de derecho por parte del TPI que justifique nuestra intervención, por lo que expone que debemos sostenerla.

A los fines de atender los planteamientos levantados por los peticionarios, así como aquellos de la parte recurrida, hemos estudiado cuidadosamente el expediente judicial. Particularmente, el escrito sometido por los peticionarios ante el TPI en el que solicitaron que dicho foro dejara sin efecto la rebeldía que les fue anotada. Así hecho, nos parece que los argumentos sometidos por éstos ante el foro primario con el fin de que se dejara sin efecto la anotación de rebeldía no constituyen la justa causa exigida por nuestro ordenamiento jurídico. Allí, en cuanto a este asunto se limitaron a exponer lo siguiente: "Los comparecientes solicitan que este Honorable Tribunal deje sin efecto la anotación de rebeldía respecto a los

comparecientes y conceda un término razonable para contestar la demanda, a fin de garantizar el debido proceso de ley y una adjudicación en los méritos.".

En consideración a lo antes expuesto, resolvemos que, ante la situación de hechos particular consignada en la presente resolución, no hay presente ninguno de los criterios enumerados en la Regla 40 de nuestro Reglamento por el que nos sintamos compelidos a expedir el auto e interferir con lo resuelto en el presente caso. No encontramos que en la situación de hechos de epígrafe la determinación recurrida sea contraria a derecho, que el foro primario haya incurrido en abuso de discreción o que esté presente cualquier otro de los criterios enunciados en la Regla 40 de nuestro Reglamento. Así, denegamos el auto de *certiorari* solicitado.

-IV-

Por los fundamentos antes consignados, denegamos expedir el auto de *certiorari* solicitado por los señores Ángel Fidalgo De la Vega, José Ángel Fidalgo Arias y José María Fidalgo De la Vega.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones